IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOSHUA PETERS,

        Defendant.

Criminal No. 22-220

ELECTRONICALLY FILED

**MEMORANDUM ORDER RE: OBJECTIONS TO TRIAL EXHIBITS (ECF 50) AND MOTIONS IN LIMINE (ECF 42 and ECF 47)**

This case is scheduled for jury selection on Monday November 28, 2022, and trial is to begin on Monday, December 5, 2022.  ECF 32.  Pending before the Court are two motions in limine filed by Defendant (ECF 42 and ECF 47) and Defendant's objections to a trial exhibit ECF 50.

**1. Defendant's Authenticity and Admissibility Objections to Exhibit 4.**

Exhibit 4 is a handwritten document. Defendant objects to the authenticity of this exhibit claiming that under Fed.R.Evid. 901, the document has not been properly authenticated.  The Government indicates that it will produce the alleged author of the document proffered at Exhibit 4 to authenticate the document, thus curing Defendant's authenticity objection to Exhibit 4. The Government must produce the author of the document at trial and elicit testimony from that witness, satisfying the authenticity objection raised by Defendant, and authenticating Exhibit 4 in accordance with Fed.R.Evid. 901 during trial.  Exhibit 4 is not inadmissible at this point for lack of authentication. Thus, the authenticity objection is OVERRULED at this juncture.

Next, Defendant objects to the admissibility of the document of this exhibit due, in part, to its lack of authenticity and on the basis of hearsay under Fed.R.Evid. 802.  The Court finds that Exhibit 4 is not inadmissible at this point for lack of authentication.  The Court finds that if Exhibit 4 is sufficiently authenticated at trial, it may qualify as non-hearsay pursuant to Fed.R.Evid. 801 (d)(2)(A) and/or 801 (d)(2)(B) and/or a hearsay exclusion pursuant to Fed.R.Evid. 801 (c)(2).  Thus, Defendant's admissibility objection is OVERRULED at this juncture.

**2. Defendant's Motion in Limine to Exclude Evidence of Sexual Acts**

Defendant argues that the Government's attempt to introduce testimony that Defendant accepted sexual acts in lieu of monetary payment for drugs is more prejudicial than probative under Fed.R.Evid. 403.  The Government argues that this testimonial evidence may be necessary to show that Defendant to demonstrate was not simply trafficking drugs to financially support his own drug use.  The Government further argues that this testimonial evidence may be necessary to provide a more complete picture of Defendant's "life story," should Defendant attempt to offer his life story as means of generating jury sympathy.

The Court hereby GRANTS Defendant's Motion in Limine, finding the evidence of the sexual acts Defendant received to be more prejudicial than probative, unless Defendant somehow "opens the door" during trial.

**3. Defendant's Motion in Limine to Bar Government's Attempt to Burden Shift**

Defendant's motion specifically concerns the fact that neither party conducted any DNA or fingerprint evidence on the firearms at issue in this case.  Defendant seeks to preclude the Government from "shifting the burden" to Defendant, thereby requiring Defendant to prove that the firearms did not contain any of his DNA or fingerprints. The Government's response is that if

the Defendant were to note that the Government did not have the weapons tested for DNA and/or fingerprints, the Government would be permitted to respond by noting that Defendant could also have had the weapons tested, but did not do so.  *See United States v. Robinson,* No. 21-1667, 2022 WL 3666293, at *5 (3d Cir. Aug. 25, 2022) ("[P]rosecutors 'may not improperly suggest that the defendant has the burden to produce evidence[]' *United States v. Balter*, 91 F.3d 427, 441 (3d Cir. 1996) . . . [t]his prohibition, however, does not extend to comments 'attempt[ing] to focus the jury's attention on holes in the defense's theory.' *Id*. at 441.")

Thus, if Defendant here puts on a evidence to show that the Prosecution did not test the weapons at issue for fingerprints or DNA, the Government may use its closing argument to issue a comment that points to a lack of testing conducted by either party.  *Id*.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion in Limine. The Government may not "shift the burden" to Defendant of proving that the firearms at issue were not Defendant's, but if Defendant notes that the Government failed to test the firearms for DNA and fingerprints, the Government may use its closing argument to issue a comment that points to a lack of testing conducted by either party.

SO ORDERED this 9th day of November, 2022

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge


cc:     All ECF Registered Counsel of Record